IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



UNITED STATES OF AMERICA,

v.  Criminal No. 2:90cr147

LARYSSA LAURETTE COLON,

        Defendant.

OPINION AND ORDER

This matter is before the Court on a Motion for Expungement filed by Laryssa Laurette Colon ("Colon")[1] for her 1991 felony convictions of 21 U.S.C. § 843(b) and 18 U.S.C. § 2.  For the following reasons, the Court concludes that there is no jurisdiction on equitable grounds and therefore **DENIES** the Motion for Expungement.

On April 10, 1991, Colon pled guilty to one count of Unlawful Use of a Communication Facility, in violation of 21 U.S.C. § 843(b), and one count of Possession with Intent to Distribute Cocaine, in violation of 18 U.S.C. § 2.  J. Crim. Case 1 (Apr. 10, 1991), ECF No. 8.  Colon was sentenced to a term of six months incarceration, and a term of one year supervised release.  Id. at 3.  On November 28, 2016, Colon requested the Court expunge her criminal record because she is a law-abiding citizen and has "paid her debt to society."  Mot. for Expungement 1, ECF No. 12.  Celebrating her twenty-fifth year of release, Colon noted that as the proprietor of

---

[1] Laryssa Laurette Colon remarried after her conviction and changed her name to Laryssa Somerville. Mot. for Expungement 1, ECF No. 12.

three small businesses, she is "a positive, productive role model in [her] community." Id.

The first question that any federal court must ask when reviewing a request for action is whether it has the jurisdiction to take the action being requested. Virginia trial courts are courts of general jurisdiction whose actions are presumed to be correct. Gemmell v. Powers, 170 Va. 43, 51-52 (Va. 1938) ("Nothing is better settled than that the judgments and decrees of a court of general jurisdiction, acting within the scope of its authority, are presumed to be right, until the contrary appears, and are not open to collateral attack . . . ."). Federal courts, on the other hand, are courts of limited jurisdiction with specific jurisdictional requirements and limitations. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). As courts of limited jurisdiction, federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Id. (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (citations omitted). Therefore, Colon bears the burden of showing that this Court has jurisdiction to grant her request for expungement.

Power to expunge federal criminal convictions is not explicitly authorized by the Constitution of the United States or by any statute

of the United States. See United States v. Mitchell, 683 F. Supp. 2d 427, 429 (E.D. Va. 2010). While it is true that a district court has original jurisdiction over "all offenses against the laws of the United States," 18 U.S.C. § 3231, Rule 4(b) of the Federal Rules of Appellate Procedure provides a deadline for notices of appeal from the court's judgment and acts as a "jurisdictional limitation upon the powers of the district court after a judgment of conviction has been entered," United States v. Coloian, 480 F.3d 47, 50 (1st Cir. 2007), see United States v. Breeden, 366 F.3d 369, 372 (4th Cir. 2004) (appellate jurisdiction flows from 28 U.S.C. § 1291, which grants jurisdiction from final decisions of district courts, and "finality comes with the conviction and imposition of sentence"). Therefore, the Court has no continuing original jurisdiction because the entry of the judgment in Colon's case divested this Court of such original jurisdiction. Mitchell, 683 F. Supp. 2d at 432 (citing Breeden, 366 F.3d at 372). Additionally, Congress has not explicitly provided federal courts with the jurisdiction to expunge criminal convictions solely for equitable reasons, though it has specifically provided for expungement or related remedies in other narrowly defined circumstances. Coloian, 480 F.3d at 49 n.4 (collecting examples of such statutes). However, the absence of a grant of such explicit jurisdiction in the Constitution or by statute does not end the inquiry, as the Court must still determine whether it has

ancillary jurisdiction over Colon's Motion for Expungement.

"Ancillary jurisdiction arises when a district court acquires jurisdiction of a case or controversy in its entirety, and, as an incident to the full disposition of the matter, may hear collateral proceedings when necessary to allow it to vindicate its role as a tribunal." Mitchell, 683 F. Supp. 2d at 429 (internal quotations and citations omitted). Examples of such ancillary jurisdiction include the power of a federal court to award costs and attorney's fees in a case that is already properly before such court and issuance of injunctions to enforce court orders. Id. at 429 n.5. In Kokkonen v. Guardian Life Insurance Company of America, the United States Supreme Court examined the breadth of such federal court ancillary jurisdiction and determined that federal courts are empowered to invoke ancillary jurisdiction in two specific circumstances: (1) "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent;" and (2) "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority and effectuate its decrees." Kokkonen, 511 U.S. at 379-80.

In United States v. Mitchell, the court considered the use of ancillary jurisdiction in the post-Kokkonen context, and identified why expungement cases typically do not warrant the exercise of ancillary jurisdiction. First, to warrant the exercise of ancillary

4

jurisdiction, the facts of defendant's conviction and her justifications for expungement must be "interdependent." Kokkonen, 511 U.S. at 379-80. However, often in cases of expungement "[t]he facts relating to defendant's conviction are wholly separate and distinct from the equitable circumstances that defendant contends justify the expungement of [her] criminal record." Mitchell, 683 F. Supp. 2d at 433. In Colon's case, the original claim brought before this Court (the criminal prosecution) has no relation to the equitable grounds upon which Colon seeks the expungement of her criminal record (to signify the satisfaction of her debt to society). See United States v. Taylor, 2014 WL 1713485 at *3 (E.D. Va. Apr. 29, 2014) (noting the disconnect between the facts surrounding defendant's assault charges and subsequent alienation by co-workers). Because Colon has not shown that the facts relating to her charge are "factually interdependent" with those for which she seeks expungement, the first potential basis for the exercise of ancillary jurisdiction is absent. Kokkonen, 511 U.S. at 379-80.

Expungement cases typically fail the second Kokkonen factor because expunging a criminal record generally does not "enable a court to function successfully, that is, to manage its proceedings, vindicate its authority and effectuate its decrees." Id.; see Mitchell, 683 F. Supp. 2d at 433. In Colon's case, the preservation of her criminal conviction remains important to the "reliability and

5

integrity of federal criminal conviction records." Mitchell, 683 F. Supp. 2d at 433 (noting that to conclude that federal courts "have ancillary jurisdiction to expunge criminal convictions for equitable reasons would allow district courts across the country to develop possibly inconsistent equitable standards of ordering expungement"); see also United States v. Taylor, 2014 WL 1713485 at *4 (E.D. Va. Apr. 29, 2014) (determining that because defendant's case was dismissed with prejudice there were no proceedings to manage).  Thus, expunging Colon's criminal record would not "enable the court to function successfully," but rather may frustrate efforts to properly document criminal convictions. Kokkonen, 511 U.S. at 379-80.  Consequently, the second potential basis for exercise of ancillary jurisdiction is lacking in Colon's case. See id.  In conclusion, the facts offered by Colon do not support the exercise of ancillary jurisdiction on either basis recognized in Kokkonen, and the Court therefore has no jurisdiction over Colon's Motion for Expungement.

Even if the Court had ancillary jurisdiction to hear Colon's Motion, this case still would not warrant expungement.[2]  In Allen v.

---

[2] The Court recognizes that there is a split of authority among the circuits as to whether federal courts have the power to expunge criminal records and convictions solely on equitable grounds. Mitchell, 683 F. Supp. 2d at 430-32 (citing split of authority, with Second, Seventh, Tenth, and D.C. Circuits finding such jurisdiction to various degrees in various circumstances in a mix of pre- and post-Kokkonen contexts, and First, Third, Eighth, and Ninth Circuits finding no such jurisdiction to various degrees and in various circumstances in post-Kokkonen contexts). However, after reviewing these decisions, the Court concludes that the post-Kokkonen decisions are more persuasive and consistent with

Webster, the United States Court of Appeals for the Fourth Circuit noted, in the pre-Kokkonen context, that the expungement remedy "is a relief confined to exceptional circumstances." Allen v. Webster, 742 F.2d 153, 155 (4th Cir. 1984) (internal quotations and citations omitted). Exceptional circumstances that warrant expungement have been found to exist in some cases, including:

> [W]here procedures of mass arrests rendered judicial determination of probable cause impossible, Sullivan v. Murphy, 478 F.2d 938 (1973); where the court determined the sole purpose of the arrests was to harass civil rights workers, United States v. McLeod, 385 F.2d 734 (5th Cir. 1967); where the police misused the police records to the detriment of the defendant, Wheeler v. Goodman, 306 F. Supp. 58 (W.D.N.C. 1969); or where the arrest was proper but was based on a statute later declared unconstitutional, Kowall v. United States, 53 F.R.D. 211 (W.D. Mich. 1971).

Id. (quoting United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977)). Colon does not assert any of the exceptional circumstances identified in Allen, see United States v. Adigwe, 2015 WL 7568198 at *2 (D. Md. Nov. 25, 2015) (denying defendant's request for expungement because he "provided no basis for the extraordinary remedy he [sought]"), such as asserting that her criminal record disadvantages her employment opportunities, cf. United States v. McKnight, 33 F. Supp. 3d 577, 587 (D. Md. 2014) ("[T]he detrimental effect of a criminal record on employment prospects . . . weigh[s] in favor of expunction."); United States v. Koelle, 2017 WL 44387

---

current Supreme Court teaching.

7

at *1 (D. Md. Jan. 3, 2017) (finding that a disadvantaged employment record "weighs heavily in favor of expungement"). Therefore, even if the Court did have jurisdiction, Colon's motion would be denied because she fails to assert any exceptional circumstance that would warrant expungement.

For the reasons stated above, the Court concludes that it does not have jurisdiction to substantively consider Colon's motion for expungement. Such a conclusion in no way reflects upon the merits of Colon's motion. Therefore, while this Court concludes it has no authority to grant Colon's request, Colon may wish to submit a request for a presidential pardon pursuant to the authority granted the President by the United States Constitution, U.S. Const. art. II, § 2, and the procedure outlined by regulation at 28 C.F.R. § 1.1.

Colon is **ADVISED** that she may appeal from this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

IT IS SO ORDERED.

/s/ MSD
Mark S. Davis
United States District Judge

Norfolk, Virginia
March 3, 2017